# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD LEE THIGPEN,** | ) | **CASE NO.  5:09CR339** |
| | ) | **5:13CV381** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Richard Lee Thigpen's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.  Doc. 747.  The petition is DENIED

## I. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## II. LAW AND ARGUMENT

In his first two grounds for relief, Thigpen asserts that he received ineffective assistance of counsel that resulted in his guilty plea failing to be knowing and voluntary.  Specifically, Thigpen alleges that his counsel falsely promised him a ten-year sentence to induce his guilty plea.  Thigpen

1

also contends that had he been fully informed of his options, he would have chosen to go to trial in this matter.   Thigpen's claims are wholly unsupported by the record.

The standard for ineffective assistance of counsel is a two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).   First, Petitioner must show that his counsel's performance was deficient.  *Id*. at 687.   Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment."  *Id*.   Second, Petitioner must show that his counsel's deficient performance actually prejudiced his defense.  *Id*.   To do so, Petitioner must show that his counsel's conduct deprived him of a fair trial and that the result of the trial is therefore unreliable.  *Id*.

Thigpen's assertion that his counsel promised him that he would receive a specific, 10-year sentence is belied by the record.   During his plea colloquy, the Court repeatedly informed Thigpen that the 10-year mandatory minimum was the "floor" for the Court's consideration of his sentence. Time and again, the Court inquired whether Thigpen understood that his advisory guideline range would begin at 120 months and only increase thereafter.   The Court also informed Thigpen that he could receive that sentence or he could receive a much higher sentence, but in no event could he receive less than 120 months.    In addition, Thigpen swore under oath that his plea had not been induced by any other promises.   Accordingly, his claim that he received a false promise regarding his sentence is wholly unsupported by the record.

Similarly, Thigpen's contentions that his counsel failed to fully review all of the parts of his plea agreement and failed to review both counts of his indictment with him are also belied by the record.   Concerned with Thigpen's ability to read the plea agreement on his own, this Court walked through every portion of Thigpen's plea agreement, reading and explaining every provision in the agreement.    After explaining each paragraph, the Court inquired of Thigpen whether he had understood that paragraph.    After each paragraph, Thigpen indicated that he understood the

paragraph.  The plea agreement contains the charges levied against Thigpen along with the factual basis supporting each charge.   All of this information was explained in open court to Thigpen. Accordingly, any assertion that this information was inadequately explained cannot be reconciled with the transcript of his plea colloquy.   As such, neither of Thigpen's ineffective assistance of counsel claims have merit.

In his third ground for relief, Thigpen contends that his due process rights were violated because the charges against him were not adequately explained.  As detailed above, during his plea colloquy, Thigpen was verbally read the portions of the plea agreement detailing the charges against him and the factual basis supporting those charges.  Thigpen indicated that he understood all of that information.  As such, he cannot maintain any due process claim.

Finally, Thigpen claims his appellate counsel was ineffective for failing to raise the issues contained in his first three grounds for relief.   Having found no merit in those arguments, it follows that his appellate counsel was not ineffective for failing to raise them on his behalf.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: September 24, 2015                    /s/ *John R. Adams*
                                                          **JOHN R. ADAMS**
                                                          **UNITED STATES DISTRICT JUDGE**